UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruche Taub,<br><br>                                    Plaintiffs,<br><br><br><br>    -v.-<br><br>United Collection Bureau, Inc.<br><br>                                    Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Bruche Taub (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant United Collection Bureau Inc., (hereinafter, "UCB") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 27 Spruill Ct., Monsey, NY 10952.

8. Defendant UCB a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent, Corporation Service Company at 80 State Street, Albany, New York 12207-2543.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to May 8, 2020, an obligation was allegedly incurred to FDS Bank.

13. The FDS Bank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a Macy's American Express personal credit card.

14. The alleged FDS Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. FDS Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. FDS Bank contracted with Defendant UCB, a debt collector who is attempting to collect the alleged debt.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

18. On or about May 4, 2020, Defendant sent the Plaintiff a collection letter regarding the FDS Bank debt.

19. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

20. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

21. In response to this collection letter, Plaintiff asserted her "g-notice" rights, and requested validation on May 7, 2020.

22. In response to the dispute, Defendant sent a response, hereto attached as Exhibit A.

23. The response stated: "This communication is on regard to your Macy's American Express Card account. This office has received your correspondence regarding the above referenced debt. Please be advised that United Collection Bureau, Inc. is no longer representing your creditor for this account. We have forwarded your dispute to Citibank, N.A. and they will fulfill your validation of debt request."

24. The validation sent to Plaintiff was deceptive and misleading because it lists the creditor as FDS Bank yet says that they have forwarded the dispute to Citibank, N.A.

25. The letter states no connection between FDS Bank and Citibank, N.A. and Plaintiff has no explanation as to why his dispute with the creditor FDS Bank would be sent to Citibank, N.A.

26. In addition, the letter states that Citibank will fulfill the validation of Plaintiff's debt request.

27. This statement is misleading because it implies that Citibank will be in the position of the debt collector with regards to fulfillment of the validation of debt.

28. Citibank has no obligations as a debt collector and is not subject to the debt collection laws and to imply that they are acting as a debt collector regarding the fulfillment of debt validation request and subject to the debt collection statutes is misleading and deceptive.

29. In addition, despite the letter stating that Defendant "is no longer representing the creditor for this account," Plaintiff received a letter on or about July 16, 2020 explicitly saying that they are using United Collections Bureau to assist in the collection of the debt.

30. Therefore the statemnet in Defendant's validation letter that United Collection Bureau is no longer representing the creditor on this account is deceptive and misleading.

31. Plaintiff could not accurately validate her disputed debt because the validation letter was deceptive and misleading..

32. Defendant falsely and misleadingly attempted to validate Plaintiff's dispute with incorrect information and never properly validated Plaintiff's dispute.

33. Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

34. Defendant failed to honor the validation request and continued collection efforts.

35. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

38. Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

39. The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted her "g notice" rights, and requested validation sent to the Defendant.

40. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

41. Defendant failed to cease collection efforts and continued collections.

42. Defendant failed to provide the Plaintiff with any form of validation prior to continuing to collect the debt.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated §1692e:

   a. By making a false and misleading representation in the collection of a debt violation of §1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bruche Taub, individually and on behalf of all others similarly situated, demands judgment from Defendant UCB as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 20, 2021                    Respectfully Submitted,

*/s/ Raphael Deutsch*
**Stein Saks, PLLC**
By:  Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501